# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK S. FRAZIER,<br>*Plaintiff* | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 19-0902 |
| THE STATE OF PA, *et al.*,<br>*Defendants* | :<br>:<br>: |

## MEMORANDUM

**QUIÑONES ALEJANDRO, J.**                                                    **MARCH 18, 2019**

Plaintiff Mark S. Frazier, who is representing himself (proceeding *pro se*), filed a Complaint against "the State of Penn," "The City of Phila," and SEPTA. Frazier alleges that he was separated from his belongings following a recent arrest. Frazier also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Frazier leave to proceed *in forma pauperis* and dismiss his Complaint.

## I.     FACTS AND PROCEDURAL HISTORY

Frazier's Complaint in the instant case refers to witness statements he submitted with an Amended Complaint he filed in another of his cases, *Frazier v. State of Penn*, Civ. A. No. 18-4673, relating to a recent arrest.[1] One of those witness statements, which was prepared by Frazier

---

[1] Frazier has previously sued or attempted to sue SEPTA, the Commonwealth of Pennsylvania, the City of Philadelphia, prosecutors, and police officers (in particular those of the 9th District), among others. Many of his cases raise similar allegations. *See Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 18-827 (dismissed for failure to prosecute); *Frazier v. City of Phila.* E.D. Pa. Civ. A. No. 17-5361 (complaint dismissed for failure to state a claim); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 17-5352 (closed so that complaint could be docketed as an amended complaint in a prior matter); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 17-4608 (dismissed for failure to prosecute without prejudice to proceeding in Civ. A. No. 17-4597); *Frazier v. The State of Penn.*, E.D. Pa. Civ. A. No. 17-4597 (dismissed for failure to state a claim); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 17-3741 (dismissed as frivolous and for failure to state a claim); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 16-5856 (failure to provide adequate *in forma pauperis* motion); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 15-6878 (dismissed for failure to

1

and signed by an individual named Terrell Caldwell, relates to an arrest on January 3, 2019. The statement indicates that officers approached Frazier and Caldwell, seeking to talk to them because Frazier allegedly matched the description of a robbery suspect. During the course of the interaction, officers discovered an outstanding warrant for Frazier and arrested him. Before being taken away by police, Frazier asked Caldwell to hold his coat, bag, and flash drives until he returned from jail.

In his instant Complaint, Frazier characterizes giving Caldwell his flash drives, coat, and bag upon arrest as a "wrongful separation of [his] IP which converts this action to a wrongful separation/possession of [his] IP." (Compl. at 3.)[2] On that basis, Frazier appears to be raising claims for violations of the Copyright Act. The Complaint also raises an unrelated allegation that "SEPTA called/contacted [Frazier] about ½ hour after his laptop was taken but when his bags were stolen or people were trying to set him up they would not respond." (*Id.*) Frazier adds that "[t]hey should have returned it the way found, not I come to their office bag open and guy on computer copy assumed." (*Id.*) It is not entirely clear what he means by those allegations.

Frazier alleges that he was injured by virtue of the deprivation "of all liberties related to his IP." (*Id.* at 4.) As relief, he seeks: (1) "impounding and delivering up of all copies of his IP"; (2) compensation "for these wrongful possessions"; and (3) an injunction preventing Defendants from "interfering [with his] IP rights." *Id.*

## II.    STANDARD OF REVIEW

---

prosecute); *Frazier v. City of Phila.*, E.D. Pa. Civ. A. No. 15-2710 (dismissed for lack of subject matter jurisdiction); *Frazier v. Commonwealth of Pa.*, E.D. Pa. Civ. A. No. 15-936 (failure to provide adequate *in forma pauperis* motion); *Frazier v. SEPTA*, E.D. Pa. Civ. A. No. 15-935 (failure to provide adequate *in forma pauperis* motion); *Frazier v. Commonwealth*, E.D. Pa. Civ. A. No. 14-756 (dismissed for failure to state a claim); *ITDSC v. 9th Dist.*, E.D. Pa. Civ. A. No. 12-4798 (dismissed as unintelligible); *Int'l Typesetting & Design Servs. Corp. v. Bowden*, E.D. Pa. Civ. A. No. 12-4920 (same).

[2]    The Court adopts the pagination assigned to the Complaint by the CM-ECF docketing system.

The Court will grant Frazier leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. As Frazier is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) applies, which requires the Court to dismiss a Complaint that is frivolous, malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice to state a claim. *Id.* As Frazier is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Copyright Claims

The Court understands Frazier to be pursuing claims for violations of the Copyright Act based on the facts that: (1) he was separated from some of his property when he gave that property to a friend during a recent arrest; and (2) SEPTA may have had custody of a computer that was taken from him and returned to him (this second allegation is not entirely clear). "To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work."
*Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). The Court has already explained this principle to Frazier when he attempted to raise similar

3

copyright infringement claims in the past. *See Frazier v. City of Philadelphia*, No. CV 17-4597, 2018 WL 476160, at *4 (E.D. Pa. Jan. 18, 2018) ("To the extent Mr. Frazier is raising copyright infringement claims, he must allege ownership of a valid copyright and that the Defendants conducted unauthorized copying of protectable elements of the copyrighted work"); *Frazier v. Penn*, No. CV 17-4597, 2017 WL 6028343, at *2 (E.D. Pa. Dec. 5, 2017) ("As previously explained to Mr. Frazier, in order to state a claim of copyright infringement, he must allege ownership of a valid copyright, and that Defendants conducted unauthorized copying of protectable elements of the copyrighted work.").

Here, Frazier has not clearly described any copyrighted work or alleged facts to plausibly establish that any of the Defendants copied those works. The fact that Frazier was temporarily separated from his belongings does not give rise to a copyright infringement claim. In sum, Frazier lacks a legal basis for a claim under the Copyright Act, so the Court will dismiss any such claims as legally meritless.

### B. Civil Rights Claims

Liberally construing the Complaint, Frazier could also be raising civil rights claims pursuant to 42 U.S.C. § 1983 based on the fact that he was separated from his property.[3] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As Frazier has been repeatedly told, the Commonwealth of Pennsylvania is not considered a "person" for purposes of § 1983 and is entitled to Eleventh Amendment immunity, so his claims against the "State of PA" must be

---

[3] Frazier's allegations related to his arrest and police conduct have been addressed in his previously-filed case, Civil Action Number 18-4673. The Court understands this case to be limited to claims arising from Frazier's separation from his property.

4

dismissed as legally baseless. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *see also Frazier v. Penn*, No. CV 17-4597, 2017 WL 6028343, at *2 (E.D. Pa. Dec. 5, 2017) ("As previously explained to Mr. Frazier, he cannot state a § 1983 claim against the Commonwealth of Pennsylvania because the Commonwealth is not subject to suit under § 1983.").

Frazier has also been previously informed that, to state a basis for municipal liability under § 1983, he must allege that a municipal policy or custom led to the violation of his constitutional rights. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). In other words, SEPTA and the City of Philadelphia may only be held liable if their policies or customs caused a violation of Frazier's constitutional rights. *See id.*; *Brown v. SEPTA*, 539 F. App'x 25, 27 (3d Cir. 2013) (per curiam). However, Frazier has not articulated a municipal policy or custom or a constitutional violation based on the fact that he was separated from his property.[4] He does not allege any conduct suggesting that any state actors handled his property in an unconstitutional manner. Accordingly, Frazier has not stated a basis for a claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Frazier leave to proceed *in forma pauperis* and dismiss his Complaint. Because of the defects noted above and the fact that nothing in Frazier's allegations, even liberally construed, even hints at a plausible basis for a claim related to his property, the Court concludes that amendment would be futile. Accordingly, the Court will dismiss this case with prejudice. An appropriate Order follows.

---

[4] Again, the matter of Frazier's arrest is the subject of a separate civil action and will not be addressed in this Memorandum.

5